**Irving M. ENGEL, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

United States District Court
S. D. New York.
Oct. 19, 1955.

---

complaint it is alleged that the wife in her separate returns did not claim any deductions for any medical care of the plaintiff, of herself, or of their daughter (which is assumed to be true for the purposes of this motion).

■ The only issue is whether the plaintiff is the "head of a family" within the meaning of section 23(x) (2) of the Internal Revenue Code of 1939, 26 U.S. C.A. Int.Rev.Acts, page 194. If he is, he is entitled to $2,500 for each year, if not, he is entitled to only $1,250 for each year.

Deductions for medical expenses in 1942 and 1943 were governed by section 23(x) of the Internal Revenue Code of 1939. Section 23(x) (1) provided for medical expenses by a husband and wife filing joint returns and therefore is not relevant. Section 23(x) (2) provided:

> " 'An individual who files a separate return may deduct only such expenses as exceed 5 per centum of the net income of the taxpayer * * and the maximum deduction for the taxable year shall be not in excess of $2,500 in the case of the head of a family, and not in excess of $1,250 in the case of all other such individuals'."

Neither the Code nor the Treasury Regulations relating to deductions for medical expenses define "head of a family". However, the Treasury Regulations relating to personal exemptions do define "head of the family". Treas.Reg. 111, 29.25–4 (1943); Treas.Reg. 103, 19.25–4 (1942). They provided:

> "The head of a family is an individual who actually supports and maintains in one household one or more individuals who are closely connected with him by blood relationship, relationship by marriage or by adoption, and whose right to exercise family control and provide for these dependent individuals is based upon some moral or legal obligation".

Plaintiff is included in this description. There is nothing in any other regulation

Engel, Judge, Miller & Sterling, New York City, for plaintiff.

J. Edward Lumbard, U. S. Atty., New York City, for defendant.

BONDY, Chief Judge.

■ This is a motion for summary judgment dismissing the complaint. The action was brought to recover income taxes alleged to have been erroneously imposed upon and collected from the plaintiff for the calendar years 1942 and 1943. Plaintiff lived with his wife and minor daughter. He supported the daughter and paid her medical expenses. Plaintiff, in separate returns filed by him, deducted $2,500 for medical expenses for each of the two years, which the Commissioner of Internal Revenue disallowed, contending that the plaintiff was entitled to a deduction of only $1,250 for each year. The plaintiff seeks a refund of the overpayment of the tax. In the

**628**

or in any section of the Code which provides otherwise. See Sec. 25(b) (2) B, 1621j and regulations thereto, also Treas. Reg. 103, 19.51–1(3) (b). Nowhere in the Regulations does the Commissioner indicate, as he readily could have done, that a married individual, living with husband or wife, cannot be the head of the family, within the meaning of the Code.

In addition to the above Regulations the following ruling of the Commissioner supports the contention of the plaintiff that he is entitled to the deduction under 23(x) (2). It provided:

> " * * * that a husband, married and living with his wife, the latter having no gross income, and *filing returns in his name only*, should be allowed for the years 1942 and 1943, the deduction for medical expenses under section 23(x) of the Internal Revenue Code, in an amount not in excess of $2500 for a taxable year". (letter dated July 25, 1946 and signed Joseph D. Nunan Jr., Commissioner. 5 P–H 1946 par. 76, 228) (Emphasis supplied.)

This ruling could only apply to an individual claiming the deduction under 23 (x) (2). It could not apply to an individual claiming the deduction under 23 (x) (1) (relating to married individuals filing joint returns) because the taxpayer under consideration did not file a joint return within the meaning of Section 51(b). Accordingly, the deduction of $2,500 was allowed to the taxpayer only as "head of a family". The fact that, in the ruling, taxpayer's wife did not have any gross income does not afford any basis for distinguishing the ruling. The government contends that the distinction between who is the "head of a family" and who is not should be made by reference to whether the husband is living with his wife. In this ruling, the Commissioner did not draw such a distinction and there is not any reason why such a distinction should be made here. If taxpayer, considered in the above ruling, living with his wife and filing a separate return, was considered to be the head of the family certainly plaintiff, who supported a daughter and lived with his wife and that daughter and paid their medical expenses and who exercised family control, should also be considered the "head of a family". This construction is consistent with the Regulations.

Therefore based upon the Regulations and the above ruling, plaintiff must be considered as the "head of a family" and entitled to the deduction under 23(x) (2) of $2,500 for each year in question.

The contention by the government that this construction might entitle plaintiff and his wife to an additional deduction for medical expenses is not decided since this question is not before the Court.

The motion to dismiss the complaint accordingly is denied.